IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
J & J SPORTS PRODUCTIONS,      )
INC.,                          )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:12CV1317
                               )
AUSTIN WAYNE HARRISON,         )
individually and d/b/a/ CLUB   )
PALACIO,                       )
                               )
          Defendant.           )
```

### MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

On December 11, 2012, Plaintiff J & J Sports Productions, Inc. ("Plaintiff"), filed suit against Defendant Austin Wayne Harrison, doing business as Club Palacio ("Defendant"). (Doc. 1.) On August 12, 2013, Plaintiff moved for summary judgment. (Docs. 15-16.) Defendant responded (Doc. 18), and Plaintiff filed a reply (Doc. 19). For the reasons set forth below, the court grants Plaintiff's motion for summary judgment on liability but will grant Defendant additional time to submit admissible evidence as to the issue of damages if the parties are unable to resolve the issue on their own.

I.   BACKGROUND

It is undisputed that on November 13, 2010, "'Tactical Warfare': Manny Pacquiao v. Antonio Margarito, WBC Light

Middleweight Championship Fight Program" ("the Program") was broadcast at Defendant's establishment at 3025-C Waughtown Street in Winston-Salem, North Carolina.  (Doc. 15-3 at 3; Doc. 18 at 1.)  It is also undisputed that Plaintiff owned the exclusive commercial exhibition rights to the Program.  (Doc. 15-2 ¶ 3.)  Plaintiff entered into various sub-licensing agreements with establishments, giving such establishments the right to broadcast the Program.  (Id.)  Defendant had not purchased from Plaintiff the rights to broadcast the Program in his establishment.  (Id.)  The cost to obtain the rights to broadcast the Program would have been $4,200.  (Id. ¶ 8.)  On this ground, Plaintiff seeks summary judgment on its claim that Defendant violated 47 U.S.C. § 605.

**II. ANALYSIS**

The relevant statute provides in pertinent part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). In sections (b) through (e), Congress added satellite cable communications to the prohibition imposed by § 605.  See Joe Hand Promotions, Inc. v. Jorkay, LLC, No. 5:10-

CV-536-D, 2013 WL 2447867, at *2 (E.D.N.C. June 5, 2013). "'Any person aggrieved by a violation of subsection (a)' may bring a civil action for actual or statutory damages for each violation. J & J Sports Productions, Inc. v. Morales, No. 1:10-cv-01694, 2011 WL 6749080, at *2 (E.D. Cal. Dec. 22, 2011) (quoting 47 U.S.C. § 605(e)(3)(C)). "Any person aggrieved" includes "any person with proprietary rights in the intercepted communication." 47 U.S.C. § 605(b)(6)

Defendant contends that he purchased the Program from his "TV programming supplier" and invited friends and family to the establishment on a closed night to watch the Program. (Doc. 18 at 1.) According to Defendant, nobody in Club Palacio during the Program was a paying customer of the establishment. (Id. at 2.) Unfortunately, he attached no admissible evidence to his response.[1] In contrast, Plaintiff submitted the sworn affidavit of a private investigator, who testified that there were 84 people in Club Palacio and a bartender was on staff when he was present there at 11:38 p.m. on November 13, 2010. (Doc. 15-3 at 3.)

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled

---

[1] Pursuant to Federal Rule of Civil Procedure 56, a party must submit admissible evidence or explain why any material cited cannot be obtained in admissible form. See Fed. R. Civ. P. 56(b). Here, Defendant simply submitted a hand-written response, which was not sworn as required by Rule 56(c)(4). Thus, Defendant's hand-written filing is not in admissible form.

3

to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). "In a situation where only unsworn allegations and no admissible evidence are presented to the Court by the nonmoving party in opposition to the moving party's motion for summary judgment, 'there can be no genuine issue as to any material fact . . . .'" Malone v. Ford, No. 3:06CV500, 2007 WL 6080431, at *2 (E.D. Va. Aug. 24, 2007) (quoting Celotex, 477 U.S. 323) (internal quotation marks omitted)).

Section 605 is a strict liability statute. Jorkay, 2013 WL 2447867, at *2. To establish a violation of section 605, Plaintiff need only show that "(1) Defendant did not obtain a license from Plaintiff to receive the signal for the Program at [Club Palacio], (2) the Program was unlawfully received and exhibited at [Club Palacio] on [November 13, 2010] and (3) Plaintiff is a 'person aggrieved' under section 605." Morales, 2011 WL 6749080, at *3. Plaintiff's uncontested evidence establishes that although Defendant may have contracted with his satellite provider to receive the Program in his private home, Defendant did not contract with Plaintiff for a license to broadcast the Program elsewhere, the Program was in fact shown

4

in Club Palacio – a commercial establishment, and Plaintiff is an aggrieved person under the statute.

Even if Defendant's unsworn evidence is considered, he has not established a defense to liability. The court in <u>Jorkay</u> considered this exact situation and held that the defendant's purchase of the program at issue from DirecTV was not a defense because the defendant still broadcast the program "without the authorization of the exclusive licensee." <u>Jorkay</u>, 2013 WL 2447687, at *2. Therefore, Defendant cannot avoid liability by arguing that he legally purchased the Program from his supplier of TV programming.

Defendant also contends that Club Palacio was not open to the public when the Program was broadcast there. He has submitted no admissible evidence to create a genuine issue of material fact on this issue, and even if he had, it would not establish a defense to liability under section 605. Section 605(b) establishes an exception to liability. It provides in relevant part: "The provisions of subsection (a) of this section shall not apply to the interception or receipt by any individual . . . of any satellite cable programming *for private viewing* if" certain other provisions are met. 47 U.S.C. § 605(b) (italics added). "Private viewing" is defined as "the viewing for private use in an individual's dwelling unit by means of equipment, owned or operated by such individual, capable of

5

receiving satellite cable programming directly from a satellite." Id. § 605(d)(4). Defendant does not argue that Club Palacio qualifies as a "dwelling unit," nor does it appear to, and therefore the exception does not apply in this case.

Because Plaintiff has established the necessary elements of a violation of 47 U.S.C. 605(a) and Defendant has provided no admissible evidence to create a genuine issue of material fact regarding any of these elements, Plaintiff is entitled to summary judgment as to liability on the section 605 claim.

In J & J Sports Productions, Inc. v. El Tropicabana, LLC, No. 3:12CV800, 2013 WL 3270563, at *3-4 (E.D. Va. June 26, 2013), the court reviewed the diverse approaches taken by courts in considering statutory damages and enhancements. Based on that case, this court has determined in other cases that statutory damages of a flat fee, taking into account the ordinary license fee, is warranted, as well as an enhancement of three times the statutory damages. If that were the case here, the flat fee would be $4,200. However, the statute does provide the court the discretion to award damages in an amount not less than $250 if "the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section." 47 U.S.C. § 605(e)(3)(C)(iii). Defendant's response to Plaintiff's motion for summary judgment

6

appears to make a case for reduced damages.  But the response is not in an admissible form.

Therefore, the court will grant Defendant 20 days within which to submit a response in admissible form (i.e., a sworn declaration or affidavit under the penalty of perjury) setting forth his factual position as to a reduced damage award. Defendant is also encouraged to consult a lawyer.  Should the parties be unable to resolve the damages issue and Defendant timely files admissible evidence as to damages, the court will consider setting the matter for hearing for the determination of damages.

**III. CONCLUSION**

For the foregoing reason, therefore,

IT IS ORDERED that Defendant Austin Wayne Harrison, doing business as Club Palacio, is liable to Plaintiff J & J Sports Productions, Inc. as a matter of law.

IT IS FURTHER ORDERED that, should Plaintiff and Defendant be unable to resolve the issue of damages, Defendant will have 20 days within the date of this Memorandum Order to file a declaration or affidavit in admissible form setting forth his factual contentions as to damages.

                                              /s/    Thomas D. Schroeder
                                                United States District Judge
October 23, 2013